IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBORAH WHITE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **06-974-GPM** |
| | ) |
| **AMERICAN WATER WORKS SERVICE CO., INC.**, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel defendant to respond to interrogatories 1-5 and requests for production1 and 6-9. **(Doc. 31).** Also before the Court is defendant's memorandum in opposition. **(Doc. 32).**

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of *any party*, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

**FedR.Civ.P. 26(b)(1) (emphasis added).**

Defendant was granted summary judgment with respect to Count 1, which alleged breach of an employment contract. At this juncture, only Count 2 remains, which alleges the plaintiff was discharged in violation of the Family and Medical Leave Act. Therefore, discovery is limited to that which is relevant to Count 2.

1

**Interrogatory No. 1 and Request for Production No. 6**

Plaintiff asked for "each and every reason" defendant discharged plaintiff. Defendant cited "unsatisfactory work performance/ in ability to meet expectations and perform at the level required of a Senior Lab Analyst." Defendant referenced documents produced in response to Request for Production. Request for Production No. 6 seeks corresponding documentation. Defendant listed a range of documents by Bates Number, and also generally referred to documents produced in response to interrogatories and other requests for production.

Defendant's descriptive response to Interrogatory No. 1 and reference in the response to Request for Production No. 6 to a specific range of documents by Bates Number are appropriate, but its vague reference to other discovery responses and documents only creates confusion. Therefore, plaintiff's motion to compel is granted, in that defendant shall serve a revised answer to Interrogatory No. 1 and Request for Production No. 6, clarifying the supporting documentation that is responsive to both discovery requests.

**Interrogatory No. 2**

Interrogatory No. 2 is aimed at discerning the identity and contact information for "each person who participated in the decision to discharge plaintiff from her employment and each person who supplied information which was used by the persons who participated in making said decision." Defendant revealed the identities of four people. Plaintiff objects that defendant has not identified documents referenced in its answer with sufficient clarity.

The interrogatory does not demand the identification of documentation, and defendant did not reference any in its response. Therefore, plaintiff's motion to compel is denied with respect to Interrogatory No. 2.

**Interrogatory No. 3**

Interrogatory No. 3 seeks, in pertinent part, plaintiff's "all salary changes and reasons therefore." Defendant responded by providing a documented payroll history, referenced by Bates Number, which was an option permitted by the terms of the interrogatory. Defendant indicates that some of the job descriptions could not be located. Plaintiff asserts that defendant has not given any salary or salary change information.

On its face, defendant's response appears adequate, but without reviewing the documents at issue, and without a more detailed objection from plaintiff, the Court cannot perform the requisite review and analysis. Therefore, plaintiff's motion is denied without prejudice to revisiting the adequacy of defendant's response to this interrogatory.

**Interrogatory No. 4 and Request for Production No. 1**

Interrogatory No. 4 is aimed at discovering the identities and contact information, and compensation history for anyone who has since held the position from which plaintiff was discharged. Request for Production No. 1 seeks corresponding documentation. Defendant identifies five individuals, but does not reveal their compensation history. Defendant objects that such information regarding non-parties is confidential and irrelevant.

Defendant has clearly failed to provide the detailed information requested regarding the individuals identified; defendant must supplement its answer in that respect. Although the Court is sensitive to the interests of non-parties, such salary information is not privileged or worthy of protection. Although any recoverable damages for "front pay" would be specific to plaintiff's particular circumstances, the salaries paid to others may lead to relevant, admissible evidence. Therefore, defendant must provide the requested salary information. Plaintiff's motion to

compel is thus granted with respect to Interrogatory No. 4 and Request for Production No. 1.

**Interrogatory No. 5**

Interrogatory No. 5 asks defendant to speculate as to what compensation and benefits plaintiff's would have received, had she not been discharged. Defendant generally objects to the speculative nature of the inquiry, and otherwise references documents identified by Bates Number that were provided in response to Request for Production No. 5. Plaintiff contends the referenced documents were not sufficiently identified, and finds the response inadequate. In response to Request for Production No. 5, defendant again references documents by Bates Number and notes that it has been unable to locate documents assigning a specific value to specific benefits. Oddly, plaintiff does not take issue with defendant's response to Request for Production No. 5.

On its face, defendant's response appears adequate, but without reviewing the documents at issue, and without a more detailed objection from plaintiff, the Court cannot perform the requisite review and analysis. Therefore, plaintiff's motion is denied without prejudice to revisiting the adequacy of defendant's response to this interrogatory.

**Request for Production No. 7**

Request for Production No. 7 seeks documentation of all discussions regarding performance and progress with individuals holding the same position as plaintiff at the time of plaintiff's discharge, through the present. Defendant objects to the relevancy and breadth of the request, and asserts the information is confidential, in that it pertains to non-parties.

Again, there is no blanket privilege or protection automatically afforded to non-parties. The Court appreciates that the requested information may lead to relevant, admissible evidence,

4

so the request must be honored.  Defendant's reference to documents by Bates Number appears sufficient, but without reviewing the documents at issue, and without a more detailed objection from plaintiff, the Court cannot perform the requisite review and analysis.  Therefore, plaintiff's motion is denied without prejudice to revisiting the adequacy of defendant's response to this request.

### Request for Production No. 8

Request for Production No. 8 seeks documents reflecting plaintiff's hours worked for a specified period.  Defendant objects that the request is vague, ambiguous, overly broad and burdensome.  Defendant's objections are not well taken.  Plaintiff's motion to compel is granted with respect to this request.

### Request for Production No. 9

Request for Production No. 9 seeks contact information for Chaun Hughley, including her application for employment, communications, her final W-2, and any COBRA application.  Defendant objects that the request is vague, overly broad and seeks confidential information.  Defendant refers plaintiff to its initial disclosures, which contained the last known address of Hughley.

Defendant has apparently provided Hughley's last known address.  The Court cannot perceive why plaintiff needs the other documentation requested.  Therefore, plaintiff's motion to compel is denied with respect to Request for Production No. 9.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 31)** is **GRANTED IN PART AND DENIED IN PART**, as detailed above.  Insofar as defendant has

been directed to supplement its discovery responses, defendant shall do so on or before **October 5, 2007**.

    **IT IS SO ORDERED.**

    DATED: September 18, 2007

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**